IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT TAYLOR, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 11-00030-KD-N
 )
STATE OF ALABAMA, et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, Robert Taylor, filed a complaint (doc. 1) on January 14, 2011, pursuant to 42 U.S.C. § 1983 against the State of Alabama and Wilbert Johnson, plaintiff's Parole Officer, while he was an inmate at the Mobile County Metro Jail. Taylor simultaneously filed a motion (doc. 2) for leave to proceed without prepayment of fees but, because he failed to attach the required copy of the institutional record of his inmate account, this motion was denied without prejudice (doc. 3). Taylor was specifically ordered to either pay the required filing fee or re-file his motion to proceed without prepayment of fees before February 18, 2011. The Court is now advised (doc. 4) that its Order of January 18, 2011 (doc. 3) sent to the plaintiff was returned with the notation "return to sender no longer here."

It is plaintiff's burden to inform this Court of any change of address. The form utilized and signed by Taylor as his complaint clearly provides the following in a paragraph just below his signature:

> PLAINTIFF SHALL IMMEDIATELY ADVISE THE COI]RT IN WRITING OF
> ANY CHANGE IN HIS ADDRESS. E.G.. RELEASED. TRANSFERRED.
> MOVED. ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS
> WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR
> FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.

Doc. 1 at 7 (emphasis in original). This Taylor has obviously failed to do. *See* Doc. 4. Due to Taylor's failure to comply with the Court's order and to prosecute this action by informing the Court of his change of address in order that the Court might properly serve its orders, including its disposition of Taylor's motion to proceed without prepayment of fees, the undersigned recommends that, through the Court's inherent powers, this action be dismissed without prejudice. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); <u>Zocarus v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); <u>Wilson v. Sargent</u>, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002)(holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* <u>Betty K. Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

      In the present action, if plaintiff subsequently advises this Court of his present address so that a copy of this report and recommendation as well as a copy of the Order of January 18, 2011 (doc. 3) can be properly served upon him and he then disputes the finding that he failed to timely provide a change of address and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for

his failure to timely advise the Court of his change of address. *Cf.* Wilson, 414 F.3d at 1320 (*citing* Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 23rd day of February, 2011.

/s/Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge=s recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  23rd  day of February, 2011.

                /s/ Katherine P. Nelson
                UNITED STATES MAGISTRATE JUDGE

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).